## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JOE H. COOK, III**                                                                **PLAINTIFF**
**ADC #164641**

**V.**                                        **NO. 4:22-cv-00577-KGB-ERE**

**CLYDE DANIELS and**
**FREDERICK ADAMS**[1]                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections:

This Recommendation for the dismissal of Mr. Cook's claims has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If the parties do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.    Background:

Plaintiff Joe H. Cook, III, an Arkansas Division of Correction ("ADC")

---

[1] The Clerk is directed to update the docket sheet to reflect the full names of Defendants Daniels and Adams – Clyde Daniels and Frederick Adams.

inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. He alleges that: (1) on November 11, 2021, Sergeant Justin Whipps (not a party to this lawsuit) spit in his face (*Id. at 4*); (2) Major Clyde Daniels, despite knowing that other inmates had complained that Sergeant Whipps was abusive, failed to adequately supervise Sergeant Whipps (*Id. at 4-5*); and (3) Sergeant Frederick Adams failed to protect Mr. Cook during the spitting incident. *Id at 6*. For screening purposes, the Court determined that Mr. Cook stated: (1) a failure-to-supervise claim against Defendant Daniels; and (2) a failure-to-protect claim against Defendant Adams.[2]

Pending before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and brief in support. *Docs. 8, 9*. Mr. Cook has filed a response (*Doc. 16*), and Defendants' motion is ripe for review. For the following reasons, Defendants' motion should be granted.

## III.  Discussion:

### A.    Standard

In deciding whether Mr. Cook has stated a plausible claim for relief under § 1983, the Court must assume the truth of all factual allegations in the complaint and determine whether they "raise a right to relief above the speculative level." *Bell*

---

[2] In his complaint, Mr. Cook also alleges that Defendant Daniels failed to adequately investigate the underlying incident; and (2) Defendant Adams falsified the incident report involving Mr. Cook and Sergeant Whipps. The Court previously determined that Mr. Cook could not move forward on these claims. *Doc. 4* at 1 n.1.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B.    Sovereign Immunity

Mr. Cook's claims for money damages from the Defendants in their official capacities are barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

### C.    Qualified Immunity

Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the assertion of qualified immunity, a plaintiff must show: "(1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation."

*Howard v. Kansas City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009).[3]

In deciding the question of qualified immunity, the Court cannot treat Defendants as "one unified group" and must consider each Defendant's conduct to determine whether evidence against that "*individual officer* [is] sufficient to overcome qualified immunity." *Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017) (quoting *Roberts v. City of Omaha*, 723 F.3d 966, 974 (8th Cir. 2013)).

1.    Defendant Daniels – Failure to Supervise[4]

In a § 1983 action, a supervisor cannot be held liable for the unconstitutional conduct of a subordinate unless the supervisor was personally involved in the violation. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). In other words, Defendant Daniels is liable only for his own actions; that is, for his personal involvement in the deprivation of Mr. Cook's rights. *Iqbal*, 556 U.S. at 676.

---

[3] Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan,* 555 U.S. 223, 129 (2009).

[4] In their motion, Defendants argue that Mr. Cook's claim regarding Defendant Daniels' failure to properly investigate the underlying incident also fails. Again, the Court previously determined that Mr. Cook could not proceed on that claim. *Doc. 4 at 1 n.1.*

A prison supervisor can be held liable for failing to properly supervise or train subordinates when that failure causes harm. Likewise, supervisors can be held liable when they learn of a constitutional violation but fail to take responsive corrective action. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

To state an actionable claim for failure to supervise, Mr. Cook must allege facts showing that Defendant Daniels "(1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) failed to take sufficient remedial action; and (4) that such failure proximately caused the injury." *Parrish*, 594 F.3d at 1002; *Otey v. Marshall*, 121 F.3d 1150, 1156 (8th Cir. 1997) (applying the same standard to claim that supervisory officer failed to supervise an inferior officer).  Notably, a "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007).

In his complaint, Mr. Cook alleges that Defendant Daniels, "as chief of security" received "numerous complaints from other inmates regarding [Sergeant] Justin Whipps' assaulting them as well as him using excessive force on them[,]" but he failed to take any corrective action against Sergeant Whipps. *Doc. 2 at 5*. Mr. Cook fails to provide any facts to support these general, conclusory allegations. He

does not explain: (1) which inmates complained about Sergeant Whipps; (2) when the unidentified inmates made alleged complaints about Sergeant Whipps; (3) the force Sergeant Whipps allegedly used against the unidentified inmates; (4) how Defendant Daniels became aware of the complaints; or (5) when Defendant Daniels became aware of the complaints. Without such facts, Mr. Cook has failed to state a plausible failure-to-supervise claim against Defendant Daniels,[5] who is therefore entitled to qualified immunity.

1.    Defendant Adams- Failure to Protect

A correctional officer may be liable under a failure-to-protect theory if he or she fails to intervene to prevent the excessive use of force by another officer. *Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009). To state a failure-to-protect claim, Mr. Cook must allege that: (1) objectively, Sergeant Whipps posed a substantial risk of serious harm to his safety; and (2) subjectively, Defendant Adams knew of and disregarded that substantial risk of serious harm. *Blair v. Bowersox*, 929 F.3d 981, 987 (8th Cir. 2019); *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). The Eighth Circuit has emphasized that deliberate indifference includes something more than negligence or even gross negligence. *Patterson*, 902 F.3d at 852 (8th Cir. 2018);

---

[5] In his response to Defendants' motion to dismiss, Mr. Cook explains that ADC officials have terminated Sergeant Whipps' employment because he allowed an inmate to physically assault another inmate. *Doc. 16 at 2*. Even if true, that allegation is not relevant to the claims Mr. Cook raises in this lawsuit.

*Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002). Instead, deliberate indifference "requires proof of a reckless disregard of the known risk." *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011).

Mr. Cook alleges that, on November 11, 2021, Sergeant Whipps spit in his face. He complains that Defendant Adams "was a bystander that [] co-conspired with Sgt. Justin Whipps to assault me on the day in question." *Doc. 2 at 6*. Even assuming Defendant Adams witnessed the underlying altercation between Sergeant Whipps and Mr. Cook, Mr. Cook fails to allege that Sergeant Whipps posed any *substantial* risk of harm to his safety, nor does he allege that Defendant Adams ignored any such risk. At most, Defendant Adams' conduct could be categorized as negligent.[6] Accordingly, Mr. Cook has failed to state a plausible constitutional claim for relief against Defendant Adams, who is therefore entitled to qualified immunity.[7]

## IV.  <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion to dismiss (*Doc. 8*) be GRANTED.

---

[6]  There is no indication that Mr. Cook intended to pursue a state law claim of negligence in this action.  However, even if he did, since the federal claims are being dismissed, the Court should exercise its discretion to also dismiss any proposed state law claims. See 28 U.S.C. § 1367(c)(3) (a court may "decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction."). Of course, Mr. Cook is free to pursue his state law claims in an Arkansas state court.

[7] In their motion, Defendants also argue that Mr. Cook's claim regarding Defendant Adams falsifying the alleged incident report also fails. Again, the Court previously determined that Mr. Cook could not proceed on that claim. *Doc. 4 at 1 n.1*.

2.     Mr. Cook's complaint be DISMISSED, without prejudice.

3.     The Clerk be directed to close this case.

Dated this 27th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE